UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL-MOGUL WORLD WIDE, INC.,
a Michigan corporation, and FEDERAL-MOGUL
CORPORATION, a Delaware corporation,

    Plaintiffs,

v.

                Case No. 11-10675
                Honorable Julian Abele Cook, Jr.

MAHLE GMBH, a German corporation, and
MAHLE ENGINE COMPONENTS USA, INC., a
Delaware corporation,

    Defendants.

ORDER

  This lawsuit involves a claim by the Plaintiffs, Federal-Mogul World Wide, Inc. and Federal-Mogul Corporation (collectively, "Federal-Mogul") that the Defendants, Mahle GMBH and Mahle Engine Components USA, Inc. (collectively, "MEC"), are guilty of infringing their exclusive rights in U.S. Patent No. 6,620,472 (the '472 Patent), in violation of 35 U.S.C. § 1, *et. seq.* Federal-Mogul has filed a request for the entry of a preliminary injunction, which is currently pending before the Court and scheduled for a hearing on June 30, 2011.

  To facilitate the development of a sufficient factual record in advance of the preliminary injunction hearing, the Court entered an order on May 10, 2011 in which it granted Federal-Mogul's request to conduct limited discovery into certain areas. Acting under the authority of Fed. R. Civ. P. 26(d), the Court permitted discovery on narrow grounds, "in the manner set forth in paragraphs 20-24 of [the Plaintiffs'] motion [for expedited discovery]." (May 10th Order at ¶ 5).

Those referenced portions of Federal-Mogul's motion, in turn, provided that the company was seeking "limited" discovery from MEC and their Confidential Supplier "in the form of a Federal Rule of Civil Procedure 30(b)(6) deposition, and document requests." Moreover, their inquiry was restricted, in relevant part, to "the design, development, and manufacture of steel friction-welded pistons for MEC."

The parties are currently in the midst of exchanging discovery pursuant to the Court's May 10th order. Nevertheless, they disagree about the scope of evidence to which the Plaintiff is entitled. The main point of contention revolves around whether the May 10th order requires MEC to produce tangible items and supporting testimony during a deposition scheduled for Monday, June 13, 2011.

For its part, Federal-Mogul asks the Court to interpret the May 10th order as requiring "Defendants' production of documents [to] include samples of the accused products (i.e., steel friction-welded pistons), including physical samples of the piston intended for GM's 2015 Diesel Engine Program and the piston supplied to Caterpillar for its C145 engine family." In the company's view, the Court's May 10th order fairly contemplates the production of a tangible sample of the allegedly infringing pistons, along with supporting testimony both from MEC and its Confidential Supplier.

MEC opposes Federal-Mogul's request, however. In its judgment, the Court's order is sufficiently clear, and Plaintiffs' motion reflects an improper attempt to expand discovery beyond the narrow categories identified its motion and later approved by the Court. It further opines that no true emergency exists here, inasmuch as the Plaintiffs have known about MEC's objections to the discovery requests since May 19th. It characterizes the motion as one that (1) will cause undue

burden to MEC executives, and (2) reflects a deliberate attempt by the Plaintiffs to cast doubt on the scope of the depositions they intend to take.

Upon reviewing the record, the Court finds the request by Federal-Mogul to be unjustified. As the Defendants note, the Court entered its order of May 10th based on the Plaintiffs' representations that discovery would be limited both in nature and scope. Federal-Mogul averred quite specifically that (1) it would seek information relevant only to its efforts to secure a preliminary injunction, and (2) any requests would come in the form of depositions and document requests related to potentially infringing steel friction-welded pistons supplied to GM and/or Caterpillar. Nevertheless, a review of the company's request for the production of documents reveals an attempt to secure data related to "any steel pistons" manufactured or sold by MEC, along with physical samples of same, whether they are related to MEC's business with GM and/or Caterpillar or not. This far exceeds the original scope of the Court's order. Moreover, the Court acknowledges that Rule 34 would, ordinarily, support the production of "any designated tangible things" in response to a normal discovery request. *See* Fed. R. Civ. P. 34(a)(1)(B). Yet, this rule has no application here, where the exchange of information is intentionally narrow and being conducted with special permission from the Court, based largely on Federal-Mogul's representation that good cause existed for granting its limited discovery request.

Because the Plaintiffs' proposed interpretation of the Court's May 10th order is unwarranted, their request for a clarification must be, and is, denied.

IT IS SO ORDERED.

Dated:  June 10, 2011                              s/Julian Abele Cook, Jr.
        Detroit, Michigan                          JULIAN ABELE COOK, JR.

                                      United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 10, 2011.

                                        s/ Kay Doaks
                                        Case Manager