UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL-MOGUL WORLD WIDE, INC., and
FEDERAL-MOGUL CORPORATION

        Plaintiffs,

  v.                                               Case No. 11-10675
                                                  Honorable Julian Abele Cook, Jr.

MAHLE GMBH and MAHLE ENGINE
COMPONENTS USA, INC.,

        Defendants.

<u>AMENDED ORDER</u>
(Changing document #84 to #88.  Document #84 still pending)

      This is a case in which the Plaintiffs, Federal-Mogul World Wide, Inc., and Federal-Mogul Corporation (collectively referred to as "Federal-Mogul"), complain that the Defendants, Mahle GmbH and Mahle Engine Components USA, Inc. (collectively referred to as "Mahle") infringed upon their rights under U.S. Patent No. 6,260,472 ("the '472 Patent") and U.S. Patent No. 6,557,457 ("the '457 Patent"). Federal-Mogul has also accused Mahle of several other actionable violations (i.e. breach of contract, misappropriation of trade secrets, and unfair competition).

      There are four motions currently pending before the Court for resolution. The first two are requests by Federal-Mogul for the Court to reconsider its order of September 27, 2011 (ECF 70, 72). The third motion is an application by Federal-Mogul for authority to file a second amended complaint (ECF 78). The fourth motion involves a request by Federal-Mogul to strike Mahle's affirmative defenses (ECF 88).

I.

The parties to this litigation are competitors in the automotive supply industry. The factual history of this case has been extensively laid out by the Court in its order of September 27, 2011, and, hence, it will not be recounted here, except for the procedural history as relates to the pending motions.

The September 27, 2011 order, in part, (1) granted Mahle's motion for summary judgment with respect to Federal-Mogul's claims on the '457 patent and (2) denied Federal-Mogul's request for a preliminary injunction.

II.

The Court will first address Federal-Mogul's request for reconsideration of the September 27, 2011 order. In its evaluation of a motion to reconsider, this Court - acting pursuant to E.D. Mich. LR 7.1(h)(3) - must determine if the movant has established (1) a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been mislead;" and (2) that a correction of the alleged defect would alter the disposition of the case. E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is defined as a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich.2002) (internal citation omitted).

However, our Local Rules dictate that motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The Sixth Circuit has held that the "palpable defect" standard for reconsideration under this Local Rule is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e). *Henderson v. Walled Lake Consol. Sch.*,

469 F.3d 479, 496 (6th Cir.2006).

III.

Federal-Mogul first submits that the Court should reconsider its order which entered a summary judgment regarding the '457 patent. The summary judgment in favor of Mahle was granted after the Court found that "Federal-Mogul has not pointed to a specific allegedly infringing product with any indication as to how its exclusive rights in the '457 Patent's claimed methods have been violated."

In its motion for reconsideration, Federal-Mogul submits that Mahle has (1) offered to sell a steel piston assembly to General Motors that would infringe upon its '457 patent, and (2) contributorily infringed upon the '457 patent by offering to sell manganese phosphate coated piston bodies to General Motors for its incorporation into the infringing piston assemblies. In its now-challenged order, the Court found that Federal-Mogul had failed to point to an allegedly infringing product with any degree of specificity. In its proffered motion, Federal-Mogul asserts the same allegations that had been previously addressed and denied by the Court. Furthermore, "Federal-Mogul has not pointed to an allegedly infringing product with any indication as to how its exclusive rights in the '457 Patent's claimed methods had been violated." These same issues have previously been ruled upon by the Court which now declines to reconsider Federal-Mogul's motion for the reconsideration of its order of September 27, 2011.

IV.

Federal-Mogul submits that the Court should also reconsider its order in which the Court rejected its motion for a preliminary injunction as it pertains to the '472 patent. In its September 27, 2011 order, the Court found that (1) Federal-Mogul had not shown that it would likely succeed on

the merits of at trial, and (2) the entry of a preliminary injunction would not be appropriate under these circumstances. In particular, the Court found that Mahle had asserted a viable defense when it contended that a third party, M-Tech, performs the claimed friction welding steps that were allegedly patented by Federal-Mogul. Nevertheless, Federal-Mogul urges the Court to reexamine this finding because Mahle controls the friction welding that was performed by M-Tech. However, the Court has previously determined that the relationship between Mahle and M Tech is sufficient to preclude a finding that Federal-Mogul is likely to prevail on the merits of its infringement claim. Inasmuch as the Court has previously ruled on this issue, it declines to reconsider its previous order

V.

Next, Federal-Mogul seeks authority to file a second amended complaint which, if granted, would include additional and distinct acts of infringement of the '457 patent by Mahle. Although Federal-Mogul maintains that its "further investigation" has now uncovered these additional acts of unlawful infringement, it fails to apprise the Court of when and under what circumstances these later discoveries were uncovered. However, the substance of these allegations are contained in the declaration of Mr. Keri Westbrooke, the Director of Engineering and Technology at Federal-Mogul. Westbrooke's declaration states that he - in 2008 - supervised an engineering group which investigated connecting rods that supplied to Chrysler by Mahle.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Those factors which may affect such a determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment. *Head v. Jellico Hous. Auth.,* 870, F.2d 1117, 1123 (6th Cir.1989).

The Court finds that inasmuch as Federal-Mogul was aware of these alleged infringements as early as 2008, and filed the instant lawsuit three years later (February 2011), its request to amend the complaint in October of 2011 must be denied because of its undue delay in filing and prejudice it may cause to Mahle. However, the Court agrees to clarify its earlier order which granted a summary judgment to Mahle in connection with it's 457 patent. The grant of a summary judgment in favor of Mahle pertained only to Federal-Mogul's allegations in its amended complaint - but not to its proposed allegations which relate to the connecting rods that were supplied to Chrysler.

VI.

Finally, the Court turns to Federal-Mogul's motion to strike all seventeen of Mahle's affirmative defenses. Significantly, Mahle has withdrawn five of its affirmative defenses. With regard to the remaining twelve affirmative defenses, Federal-Mogul asserts that Mahle has failed to meet the standards of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Federal-Mogul submits that Mahle's affirmative defenses must state a sufficiency of facts to state a claim to relief that is plausible on its face.

The Sixth Circuit has not determined whether the pleading standard set forth in *Iqbal* and *Twombly* applies to affirmative defenses. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P 12(f). However, the Sixth Circuit has noted that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (1953). Further, the Sixth Circuit advises that "[a] motion to strike should be granted only when the

pleading to be stricken has no possible relation to the controversy." *Id.*

A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." *United States Sec. & Exch. Comm'n. v. Thorn*, 2002 WL 31412440, at *2 (S.D.Ohio 2002) (internal quotation marks and citation omitted). The motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* However, a Rule 12(f) motion should not be granted "if the sufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Pretty Products, Inc.*, 780 F.Supp. 1488, 1498 (S.D.Ohio 1991) (internal quotation and citation omitted).

Those Mahle's affirmative defenses which have already been the subject of discovery and litigation should not be stricken. In its first affirmative defense, Mahle maintains that Federal-Mogul has failed to state a claim upon which relief can be stated. The parties have extensively briefed Rule 12 issues to the Court. In its second affirmative defense, Mahle states that Federal-Mogul has failed to join one or more necessary parties. However, Federal-Mogul has asserted that Mahle may be contributor to third party infringement. (Compl. ¶ 84). In its third affirmative defense, Mahle submits that the patents-in-suit may be invalid under 35 U.S.C. §§ 101, 102, 103, and 112. However, while it did not plead allegations with specificity, Mahle has asserted prior art patents and devices with regard to the preliminary injunction motion. Depositions and live testimony have further developed the invalidity defense which should, therefore, remain in the case. Similarly, Mahle's fourth affirmative defense for non-infringement has been briefed through the preliminary injunction motion practice. Mahle's seventh affirmative defense (namely, that the case was brought without proper investigation), has also been briefed to the Court with reference to the '457 patent. Mahle's eleventh

affirmative defense (to wit, that Federal-Mogul does not have the right to injunctive relief) has been thoroughly briefed through the preliminary injunction motion. Mahle's seventeenth affirmative defense (namely, that Federal-Mogul engaged in inequitable conduct) has also been previously briefed to the Court.

With regard to Mahle's remaining defenses, the Court finds that they have been sufficiently pled. Noting that the Sixth Circuit has not extended the *Twombly/Iqbal* pleading standards to affirmative defenses, this Court also declines to do so.

Therefore, Federal-Mogul's motion to strike Mahle's affirmative defenses is denied.

## VII.

For the reasons stated above, Federal-Mogul's requests for the Court reconsider its order of September 27, 2011 are denied. (ECF 70, 72). Federal-Mogul's request to file a second amended complaint is denied. (ECF 78). Federal-Mogul's request to strike Mahle's affirmative defenses is denied (ECF 88).

IT IS SO ORDERED.

Date: March 1, 2012
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 1, 2012.

s/ Kay Doaks
Case Manager