UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL-MOGUL WORLD WIDE, INC., and
FEDERAL-MOGUL CORPORATION

        Plaintiffs,

v.

MAHLE GMBH and MAHLE ENGINE
COMPONENTS USA, INC.

        Defendants.

Case No. 11-10675
Honorable Julian Abele Cook, Jr.

ORDER

This case pertains to claims by the Plaintiffs, Federal-Mogul World Wide, Inc., and Federal-Mogul Corporation (collectively referred to as "Federal-Mogul"), that the Defendants, Mahle GmbH and Mahle Engine Components USA, Inc. (collectively referred to as "Mahle") infringed upon their rights under two United States patents; namely, U.S. Patent No. 6,260,472 ("the '472 Patent") and U.S. Patent No. 6,557,457 ("the '457 Patent"). Federal-Mogul has also accused Mahle of several other actionable violations (i.e. breach of contract, misappropriation of trade secrets, and unfair competition).

Currently before the Court is a request by Federal-Mogul for the Court to disqualify Mahle's counsel, the law firm of Rader, Fishman, and Grauer ("Rader firm") (ECF 74).

I.

Prior to 1998, the Rader Firm represented Metal Leve. In the early part of 1998, Federal-

Mogul acquired Metal Leve. As part of this acquisition, the Rader Firm performed legal work for Federal-Mogul. In particular, it performed legal work on the '472 and '457 patents that are currently in suit before the Court. Attorneys Kevin Rutherford, Joseph Coppola, and Eric Dobrusin from the Rader Firm conducted patentability studies and prepared patentability opinions for Federal-Mogul. John Shackelford, Federal-Mogul's patent counsel, ultimately filed an application for the '472 patent with the United States Patent Office. The '472 patent was issued on July 17, 2001. All of the Rader attorneys who performed work for Federal-Mogul left the firm by early 2004.

Federal-Mogul first expressed its concern that the Rader Firm may have a disqualifying conflict of interest during a meeting between the parties in February 2011, before this lawsuit was filed. The Rader firm, after conducting an internal review, informed Federal-Mogul that its evaluation of the issues reflected no conflict of interest. This lawsuit followed with the initiation of a complaint against Mahle on February 18, 2011. Several months later (October 11, 2011), Federal-Mogul filed its now pending motion to disqualify the Rader firm.

II.

The Michigan Rules of Professional Conduct (MRPC) allow for the disqualification of counsel when there is a conflict of interest.[1] MRPC 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Motions to disqualify opposing counsel raise two competing and important interests; namely, (1) preserving client

---

[1]Local Rule 83.22 states that "[t]he Rules of Professional Conduct adopted by the Michigan Supreme Court apply to members of the bar of this court and attorneys who practice in this court." E.D. Mich. L.R 83.22.

confidences and (2) permitting a party to retain counsel of its choice. *Manning v. Waring, Cox, James, Sklar and Allen*, 849 F.2d 222, 224 (6th Cir.1988). The Sixth Circuit has noted that a request for the disqualification of an opposing counsel is a drastic remedy and that "[a] court should only disqualify an attorney when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." *Moses v. Sterling Commerce (America), Inc.,* 122 F.App'x 177, 1830184 (6th Cir.2005) (internal quotations omitted).

The Sixth Circuit developed a three-part test for disqualification based on former clients in *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir.1990). The *Dana* test analyzes (1) whether a prior attorney-client relationship existed between the party seeking the disqualification and the attorney it seeks to disqualify; (2) whether the subject matter of those relationships is substantially related; and (3) whether the attorney acquired confidential information from the party seeking disqualification. *Id.* at 889.

The movant has the burden of proving that opposing counsel should be disqualified. *See Bartech Indus., Inc. v. Int'l Baking Co., Inc.,* 910 F.Supp. 388, 392 (E.D.Tenn.1996). The decision to disqualify counsel must be based on a factual inquiry which will afford appellate review. *General Mill Supply Co. v. SCA Servs., Inc.,* 697 F.2d 704, 710 (6th Cir.1982).

### III.

Under the first prong of the *Dana* test, the Court must determine whether an attorney-client relationship existed between Federal-Mogul and the Rader Firm. The parties agree that in 1998, Kevin Rutherford, Eric Dobrusin, and Joseph Coppola - now former members of the Rader firm- provided advice to Federal-Mogul following its acquisition of Metal Leve. However, the Rader firm insists that none of the attorneys who have appeared on behalf of Mahle in the instant lawsuit

participated in any way in the representation of Federal-Mogul in 1998. Two of the former Rader attorneys who represented Federal-Mogul in 1998 left the firm in 1999, and the third attorney left during the early part of 2004. On this basis, Mahle submits that even if there is subject matter that was substantially related to the instant litigation and contained confidential information, it cannot be imputed to the Rader firm as a whole. Finally, the Rader attorneys who are currently representing Mahle, have sworn declarations that they have not received any confidential information of Federal-Mogul.

On the other hand, Federal-Mogul argues that it was the Rader firm as a whole with whom it had an attorney-client relationship– and not the individual attorneys. Federal-Mogul submits that the Rader firm has knowledge of Federal-Mogul's confidential information, and may still retain files and documents, even though several individual attorneys have subsequently left the firm.

The parties have not presented any case law that demonstrates if the attorney-client privilege attaches to a law firm as a whole or simply to the individual attorneys who were working for the client under Rule 1.9(a). The plain language of the Rule 1.9(a), on which Federal-Mogul relies, refers to "a lawyer," which would indicate that it is the obligation of the individual attorney to disqualify himself.

While Federal-Mogul relies on MRPC 1.7, 1.9(a), and 3.7 to disqualify the Rader firm, the Court finds Rule 1.10 to be instructive on how to analyze a firm's obligations to its former lawyers' past clients. MRPC 1.10(c) speaks directly to the conflict of interest that may occur when a lawyer has left a firm:

> When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer, and not currently represented by the firm, unless:

4

>   (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>   (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

Therefore, although Kevin Rutherford, Eric Dobrusin, and Joseph Coppola left the Rader firm several years ago, the firm may be limited in representing those clients whose interests are adverse to those of Federal-Mogul if the representation meets the qualifications in MRPC 1.10(c)(1) and (2).

According to MRPC 1.10(c)(1) and prong two of the *Dana* test, a court must determine whether the matters in the instant litigation are "the same or substantially related" to the matters worked on by the former Rader attorneys. Federal-Mogul asserts that attorneys at the Rader firm performed the following work for the '457 and '472 patents-in-suit:

   1.) Performed patentability searches for the '457 and '472 patents

   2.) Provided Federal-Mogul with an opinion which concluded that such inventions were patentable; and

   3.) Prepared a patent application covering the '472 invention and sent it to Federal-Mogul's patent counsel (Jon Shackelford) for filing.

Federal-Mogul argues that the Rader firm's work is substantially related to the subject matter of the instant litigation. Mahle disagrees, asserting that (1) Shackelford - not the Rader attorneys - filed the patent application for the '472 patent and (2) a substantial length of time has elapsed since they worked for Federal-Mogul.

The Court finds the underlying technology and alleged property rights are substantially related. Indeed, in oral argument at the preliminary injunction hearing, Mahle made a number of statements that relate directly to the creation of the '472 patent- a matter on which the Rader firm

worked in preparing the requisite searches and opinions. At the hearing, Mahle disputed the validity of the patent in light of an earlier invention– an invention that is referenced on a patentability letter from a Rader firm attorney in June of 1998. This prior representation and the instant litigation are substantially related matters.

In *General Electric Co. v. Valeron Corp.,* 608 F.2d 265, 266-67 (6th Cir.1979), the Sixth Circuit affirmed the district court's order which disqualified an attorney from representing a party accused of infringing patents. The attorney, whose disqualification was in dispute, had previously prepared the patent applications in suit. The court found the matters under review were substantially related, notwithstanding the passage of more than a decade. Similarly in the case at bar, while more than ten years have passed since the Rader attorneys worked for Federal-Mogul, the matters are substantially related. *See also, Innovation Ventures, Inc. v. N2 Distributing, Inc.*, 2009 WL 2381836 (E.D.Mich.) (disqualifying defendants' attorneys who previously prepared and filed patent applications for plaintiff at suit in instant litigation.) However, the disqualification of an attorney is not appropriate when the targeted counsel only obtained a general knowledge of the prior client's workings or manner of operation. *See, e.g., Int'l Paper Co. v. Lloyd Mfg. Co.*, 555 F.Supp. 125, 136 (N.D.Ill.1982); *Quicken Loans v. Jolly*, 2008 WL 2566373 (E.D.Mich).

Next, the Court must determine whether the information the Rader firm has access to is confidential. The *Dana* test only requires that the attorney acquired confidential information at the time of representation. However, as noted above, the motion to disqualify seeks to disqualify the identified attorneys *and* the entire Rader firm. MRPC 1.10(c) tightens the application of the confidentiality prong. Instead of determining whether material matters were confidential at the time of the representation, MRPC 1.10(c) asks whether "any lawyer remaining in the firm has information

protected by Rules 1.6 and 1.9(c) that is material to the matter" Rule 1.6 covers information protected by the client-lawyer privilege. Rule 1.9(c) covers "information relating to the representation to the disadvantage of the former client except as Rule 1.6 or 3.3 would permit or require with respect to a client, or when the information has become generally known."

Federal-Mogul submits that the Rader firm and its attorneys had access to Federal-Mogul's confidential documents and information in preparing the above referenced legal work. Federal-Mogul believes that these materials remain at the Rader firm. Additionally, Federal-Mogul points to the impropriety of statements by Rader firm attorneys at the preliminary injunction hearing on July 25, 2011. Those statements relate to the validity of the '457 and '472 patents. As Rader firm attorneys were involved in patentability searches and opinions for those patents, Federal-Mogul submits that these claims are "tantamount to the Rader firm accusing a former client of fraud." Additionally, Federal-Mogul submits that former Rader attorneys may need to be deposed and possibly used as a witness at trial, invoking MRPC 3.7.

The Rader firm has submitted sworn declarations from the Rader attorneys currently representing Mahle attesting to the fact they never received any secret or confidential information of Federal-Mogul. Further, the Rader firm submits that the work done by former Rader attorneys did not immediately result in the instant patents. Rader submits that the period of representation was limited to a brief post-acquisition transition period. Additionally, Rader submits that its former attorney had minimal involvement with the patents-in-suit. Rather, it was Federal-Mogul attorneys John Shackelford and Robert Stearns who performed the vital legal work. In particular, the '472 patent that was applied for by Shackelford, with the assistance of Rader attorneys, was rejected in December of 1999. On March 3, 2000, Robert Stearns cancelled all of the proposed original claims

7

and added new claims, which ultimately resulted in the '472 Patent that was issued on July 17, 2001. Finally, Rader submits no current Rader attorneys would need to be deposed regarding the patents-in-suit. Rather, Federal-Mogul would only need to depose former Rader attorney which would not trigger MRPC 3.7.

The Court finds that disqualification of the Rader firm is not required. From the record, it appears that while the Rader firm at one time may have had access to confidential information, that information is now part of the public record as it was disclosed in the relevant applications to the US Patent Office. Additionally, it appears as though the Rader firm was only minimally involved in preparing legal work for Federal-Mogul, and all of the involved attorneys have long since left the firm. The attorneys currently representing Mahle have sworn to the fact that they do not have secret or confidential information. Finally, the Court notes that disqualification is a drastic remedy, and is sensitive to the fact that the Rader firm had already been representing the Defendants for eight months when the motion to disqualify was filed. Limited discovery and a lengthy motion practice has already occurred in this case. To disqualify the Rader firm at this point would create a significant hardship for the defendants. *See, e.g. Moses v. Sterling Commerce (America), Inc.,* 122 Fed.Appx. 177, 183-84 (6th Cir.2005) (sanction of disqualification should be employed only "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred").

## IV.

Finally, the Court must address Mahle's motion to strike the declaration of Miles Hurwitz. The Hurwitz declaration was filed as Exhibit A to Federal Mogul's reply brief in support of its motion to disqualify the Rader firm. Mahle submits that the declaration is an untimely submission of new evidence that presents legal arguments and case law citations in order to avoid page limits

8


applicable to Federal-Mogul's reply brief. The Court denies Mahle's requested relief because it did not rely on Federal-Mogul's newly submitted evidence in reaching its conclusion. As such, Mahle's motion to strike is denied for mootness.

For the foregoing reasons, Federal-Mogul's motion to disqualify counsel is denied (ECF 74) and Mahle's motion to strike is denied (ECF 84).

IT IS SO ORDERED.

Date: March 13, 2012                              s/Julian Abele Cook, Jr.
                                                  JULIAN ABELE COOK, JR.
                                                  U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 13, 2012.

                                                  s/ Kay Doaks
                                                  Case Manager